IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 22-cv-00401-LTB-GPG

LIONEL KERSH,

    Plaintiff,

v.

TERRI HAMBLEN,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the Complaint filed by Plaintiff on February 14, 2022 (ECF No. 1). Plaintiff proceeds *pro se*. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 10).[1] The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises. For the reasons discussed below, this Magistrate Judge respectfully recommends that the Complaint and this action be dismissed without prejudice.

**I. Background**

Plaintiff, a resident of Denver, Colorado, initiated this action on February 14,

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

2022 (ECF No. 1). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 4).

On February 16, 2022, the Court reviewed the allegations of the Complaint pursuant to D.C.COLOLCivR 8.1(a), determined that they were deficient, and directed Plaintiff to file an amended pleading within 30 days. (*See* ECF No. 5). Atter mail sent to Plaintiff was returned to the Court as undeliverable, the Court entered on March 18, 2022, a minute order directing the clerk of the court to correct Plaintiff's address and to send Plaintiff a copy of the minute order as well as the order to amend. (*See* ECF No. 8). Plaintiff was instructed to submit an amended pleading, within 30 days, or on or before April 18, 2022. Plaintiff has not filed an amended pleading. Therefore, the Court reviews the allegations of the original Complaint below.

In the Complaint, Plaintiff asserts that the "Mental Health Center of Denver (MHCD) refuse [to] follow strict mental health guidelines and procedures, regulations." (ECF No. 1 at 5). He states that he has been receiving mental health treatment for seven months and that on July 1, 2021, "Terri Hamblen, MHCD Supremo, refused to oversee Martin Solis new intake procedure not following MHCD guidelines and procedures," which caused "problems in [Plaintiff's] life pertaining to mental stability." (*Id.*). Plaintiff further contends that MHCD has discriminated against [him] through [his] African Black ethnicity." (*Id.* at 6). He alleges that 99% of white clients of MHCD have housing and financial stability, while 10% of African Americans who receive services from MHCD do not have stabling housing." (*Id.*). As relief, Plaintiff requests lost wages and "enhancing MHCD guidelines and mental health procedures." (*Id.* at 7).

## II. Standard of Review

The Court construes Plaintiff's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." A plaintiff's vague and conclusory allegations that his or her rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Thus, "in analyzing the sufficiency of the plaintiff[s'] complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. The court and Defendants are not required to guess to determine what claims are being asserted and what specific factual allegations support those claims. To state a cognizable claim in federal court, "a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

### III. Legal Analysis

Plaintiff asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff does not clearly identify the specific claim for relief he asserts, but he references discrimination based on his ethnicity. To the extent Plaintiff is attempting to assert a violation of his constitutional rights, the claim is deficient because he names what appears to be a private individual employed at a private mental health center as the only Defendant. And Plaintiff fails to allege facts to demonstrate that the Defendant is a state actor against whom the constitutional claim may be asserted. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Thus, the only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)). In order to satisfy the under-color-of-state-law element, Plaintiff must show that he was deprived of a federal right through conduct that is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). In other words,

> the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has

> acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id*.  The Complaint is devoid of facts indicating that the named Defendant is a state actor. And it is not enough that a private individual provided inadequate medical care while employed by a private corporation. Nothing in the Complaint indicates that Plaintiff was deprived of a federal right through conduct that is fairly attributable to the state.

Therefore, I recommend that the Complaint be dismissed for Plaintiff's failure to comply with the pleading requirements of Fed. R. Civ. P. 8.

### IV. Recommendation

For the reasons set forth herein, this Magistrate Judge respectfully

RECOMMENDS that the Complaint be DISMISSED WITHOUT PREJUDICE pursuant to Rule 8 of the Federal Rules of Civil Procedure.

DATED April 25, 2022.

BY THE COURT:

 s/ Gordon P. Gallagher
Gordon P. Gallagher
United States Magistrate Judge